# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISON

| | | |
|---|---|---|
| JAMIE GONZALEZ-ALVARADO, | ) | CASE NO. 4:24-cv-02015-DAR |
| | ) | |
| Petitioner, | ) | DAVID A. RUIZ |
| | ) | UNITED STATES DISTRICT JUDGE |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| WARDEN IAN HEALY, | ) | REUBEN J. SHEPERD |
| | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |

## I.      Introduction

Petitioner Jamie Gonzalez-Alvarado ("Gonzalez-Alvarado"), a federal prisoner at the Federal Correctional Institution in Lisbon, Ohio ("FCI-Elkton"), filed the above-captioned pro se Emergency Motion for Habeas Corpus under 28 U.S.C. § 2241. (ECF Doc. 1). On December 12, 2024, the District Judge referred the matter to me for issuance of a report and recommended decision. (ECF Doc. 3). On February 11, 2025, the Respondent, Warden Ian Healy ("Respondent" or "Warden"), responded by filing a motion to dismiss for failure to state a claim. (ECF Doc. 6). Gonzalez-Alvarado filed a brief in opposition (ECF Doc. 7) and Respondent filed a reply brief (ECF Doc. 8). The matter is now fully ripe, and I proceed to considering Respondent's motion to dismiss.

II.    **Background and Procedural History**[1]

Gonzalez-Alvarado is an inmate at FCI-Elkton, serving 180 months for violating 21

U.S.C. § 841(a)(1), (b)(1)(A), and § 846, as imposed by the Western District of Missouri. (*See*

ECF Doc. 1, pp. 1, 3 *and*  ECF Doc. 6-1, Kerr Decl., ¶ 1). His projected release date is July 23,

2026. (*Id.*). Significant to his Petition here, Gonzalez-Alvarado alleges that he has accrued

approximately 365 days of First Step Act time credits ("FTCs") for successfully participating in

various evidence-based recidivism reduction programs and productive activities. (ECF Doc. 1, p.

3).

Also significant to his Petition is that Gonzalez-Alvarado is not a citizen of the United

States, but alleges that he had legal status when he entered the United States. (ECF Doc. 1, pp. 1,

3). On July 18, 2022, United States Immigration and Customs Enforcement ("ICE") lodged a

detainer for his removal from the United States. (*See* ECF Doc. 6-1, p. 6; *and* Kerr Decl. ¶ 2). On

March 26, 2024, ICE entered a final order of removal, signed by Assistant Field Office Director

Ryan Overton, finding that Gonzalez-Alvarado was a deportable alien convicted of an

aggravated felony under Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act and

ordering that he be removed from the United States. (ECF Doc. 6-1, p. 8, referring to 8 U.S.C.

§ 1227(a)(2)(A)(iii)).

---

[1] Generally, "[a] district court is not permitted to consider matters beyond the complaint" when considering a motion to dismiss under Rule 12(b)(6). *Mediacom Se. LLC v. BellSouth Telecomm., Inc.*, 672 F.3d 396, 399 (6th Cir. 2012). However, a court may consider exhibits attached to the Motion to Dismiss, "so long as they are referred to in the Complaint and are central to the claims contained therein[.]" *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Because Gonzalez-Alvarado references his final order of removal in the Petition and the Warden provides the referenced document, I consider the exhibits attached to Respondent's Motion to Dismiss.

Gonzalez-Alvarado alleges he requested administrative relief in April 2024 with case management staff at the prison, appealed that decision to Warden Healy, appealed again to the Regional Director of the Bureau of Prisons ("BOP"), and appealed again to the national BOP in August 2024. (ECF Doc. 1, p. 3). He states that he was denied at each level with the same language: "'A prisoner is ineligible to apply time credits . . . if a prisoner is subject of a final order of removal under any provision of the immigration laws.'" (*Id.*).

### III. Standard of Review

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) quoting Section 2241(c). Because Petitioner is appearing pro se, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" Petitions lacking merit on their face under § 2243).

### IV. Discussion

In his Petition, Gonzalez-Alvarado contends that the BOP is discriminatory in its application of FTCs by excluding non-citizen inmates like himself from receiving the benefits of such FTCs. (ECF Doc. 1, p. 1). Gonzalez-Alvarado states that although Respondent contends he

3

is ineligible for application of FTCs because he is subject to a final order of removal under 18 U.S.C. § 3632(d)(4)(E), the removal order is not a valid order because it is not signed by an immigration judge. (ECF Doc. 7, pp. 1-2).

In his Motion to Dismiss, Respondent asserts that Gonzalez-Alvarado is not eligible to receive FTCs because he is subject to a final order of removal. (ECF Doc. 6, pp. 3-5). Respondent also provides that, because Gonzalez-Alvarado has been convicted of an aggravated felony, he is subject to expedited removal procedures. (ECF Doc. 8, pp. 1-2). Expedited removal procedures permit immigration officials other than immigration law judges to issue final administrative removal orders. (*Id.*). Therefore, Gonzalez-Alvarado's Final Order of Removal is validly issued, and he is not eligible to apply any accrued FTCs, and Respondent requests that this Court dismiss his Petition on this basis. (*Id.*).

As a challenge to the application of FTCs to his sentence, Gonzalez-Alvarado properly brings this claim under § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) ("In general, a petition for a writ of habeas corpus under § 2241 is reserved for a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself.") *and Buchanan v. Hemingway*, No. 22-1710, 2023 WL 5184310, at *1 (6th Cir. May 16, 2023). Nonetheless, Gonzalez-Alvarado has failed to present a claim suggesting that the execution of his incarceration violates any federal law or constitutional provision. *See* 28 U.S.C. § 2241(c)(3) ("the writ of habeas corpus shall not extend to a prisoner unless [h]e is in custody in violation of the Constitution or law or treaties of the United States . . . .").

The First Step Act established a system where eligible inmates can participate in evidence-based recidivism reduction programs to earn time credits to reduce their prison time. *See generally* 18 U.S.C. § 3632. FTCs permit early release from incarceration for eligible

inmates, but they do not reduce the length of an individual's sentence. *See* 18 U.S.C.

§ 3632(d)(4)(c). Rather, earned FTCs are "applied toward time in prerelease custody or

supervised release." *Id.* Under the program, an eligible inmate "shall earn 10 days of time credits

for every 30 days of successful participation in evidence-based recidivism reduction

programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(i). Certain inmates the BOP

assesses at low risk for recidivism can earn an additional five days of time credits for every 30

days of successful participation FSA programming if their risk of recidivism has not increased

over two consecutive assessments. 18 U.S.C. § 3632(d)(4)(A)(ii).

However, not all prisoners are eligible to earn FTCs under the First Step Act. *See* 18

U.S.C. § 3632(d)(4)(D) (listing the 68 crimes of conviction making a prisoner ineligible to

receive time credits).[2] Prisoners subject to "a final order of removal under any provision of the

immigration laws," are ineligible to apply any FTCs they may earn. 18 U.S.C.

§ 3632(d)(4)(E)(i).

Gonzalez-Alvarado may contend that his final order of removal must be signed by an

immigration law judge. And in other circumstances, he could be correct. *See generally* 8 U.S.C.

§ 1229a (describing authority and procedures for immigration law judges). But Gonzalez-

Alvarado has been convicted of a crime that subjects him to expedited removal proceedings. *See*

8 U.S.C. § 1228 (describing that any "alien convicted of an aggravated felony shall be

conclusively presumed to be deportable from the United States" and describing special removal

---

[2] Gonzalez-Alvarado was not convicted of a crime under this section, and therefore he may be
eligible to *earn* FTCs. *Compare* ECF Doc. 6-1, p. 4 *with* 18 U.S.C. § 3632(d)(4)(D). But, as
discussed here, as a deportable prisoner, he is ineligible to *apply* any earned credits. *See* 18
U.S.C. § 3632(d)(4)(E) (explaining that prisoners subject to a final order of removal are
ineligible to apply earned FTCs, and encouraging immigration officials to process immigration
proceedings "at a date as early as practicable during the prisoner's incarceration" for those alien
prisoners who seek to earn FTCs).

procedures for such aliens). And under these expedited removal proceedings for aliens convicted of aggravated felonies, it is not required that an immigration law judge sign the final order of removal. *See* 8 C.F.R. § 238.1. Rather, it permits the issuing of a final order of removal by a "deciding Service Officer." 8 U.S.C. § 238.1(b),(d). A deciding Service Officer can include a number of immigration officials other than an immigration law judge. *See* 8 C.F.R. § 239.1.

As an alien prisoner convicted of an aggravated felony, Gonzalez-Alvarado is subject to expedited removal proceedings and his final order of removal need not be signed by an immigration law judge to be valid. Therefore, because Gonzalez-Alvarado is subject to a valid final order of removal, under the plain language of the First Step Act he is ineligible to apply any FTCs he may have earned. 18 U.S.C. § 3632(d)(4)(E)(i). I therefore determine his claims for relief lack merit and recommend the District Court dismiss his petition with prejudice.

## V.      Recommendation

Because Gonzalez-Alvarado is subject to a valid final order of removal, he is ineligible to apply his claimed FTCs. I therefore recommend the District Court grant Respondent's Motion and dismiss Gonzalez-Alvarado's Petition with prejudice.

Dated: May 7, 2025

REUBEN J. SHEPERD
UNITED STATES MAGISTRATE JUDGE

_____

### Objections, Review, and Appeal

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge. Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

\* \* \*

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entire report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, \*2 (W.D. Ky. June 15, 2018) quoting *Howard*. The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).