UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JAMIE GONZALEZ-ALVARADO, | ) | CASE NO.   4:24-CV-02015 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN IAN HEALY, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondent. | ) | |

**Introduction**

Before the Court are Petitioner Jamie Gonzalez-Alvarado's objections (R. 10) to the Report and Recommendation (R&R) of United States Magistrate Judge Reuben J. Sheperd (R. 9) that recommended granting Respondent's motion to dismiss Petitioner's *pro se* emergency motion for a writ of habeas corpus under 28 U.S.C. § 2241. Respondent has filed a response to Petitioner's objections. R. 11. For the reasons that follow, Petitioner's objections are overruled, the R&R is adopted, and Petitioner's habeas petition is DISMISSED with prejudice.

**Facts**

At the time of the petition, Petitioner was incarcerated at FCI-Elkton serving a 180-month sentence as a deportable alien convicted of a felony. R. 9, Page ID#: 48. His projected release date is July 23, 2026. *Id*. In the petition he alleged that he had accumulated approximately 365 days of First Step Act time credits (FTC) that are improperly being denied

him because of his status as a non-citizen. *Id.*, Page ID#:49. He also maintained that his final order of removal was invalid because it was not signed by an immigration judge. *Id.*, Page ID#: 51.

The magistrate judge's R&R concluded that prisoners subject to a final order of removal under any provision of the immigration laws are not eligible to apply any FTCs they may otherwise earn. *Id.*, citing 18 U.S.C. § 3632(d)(4)(E)(i). The R&R then found that while the requirement that final removal orders be signed by an immigration judge is generally correct, it is not required when the alien has been convicted of a crime that subjects him to expedited removal proceedings. *Id.*, citing 8 U.S.C. § 1228. Rather, the removal order may be signed by a "deciding Service officer" who need not be an immigration judge. *Id.*, Page ID#: 52.

Accordingly, the R&R concluded that because Petitioner is an alien convicted of an aggravated felony and so subject to expedited removal proceedings, he is ineligible to apply any FTC credits, and his final removal order need not be signed by an immigration judge to be valid. Id. The R&R recommends that the petition be dismissed with prejudice. *Id*.

Petitioner's objections initially maintain that there is no Congressional authorization for allowing someone other than an immigration judge to sign a final removal order. R. 54, Page ID#: 54. He further contends that he was awarded the FTCs before the final removal order was issued and so that order should not be permitted to retroactively remove them. *Id.*, Page ID#: 55.

**Standard of Review**

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of those portions of the Report to which proper objection has been made. Fed. R. Civ. P. 72(b)(3); Local Civil Rule 72.3(b). However, "[a] general objection to the

entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Services,* 932 F.2d 505, 509 (6th Cir. 1991): *accord*, *Austin v. Comm'r of Soc. Sec.*, 2021 WL 1540389, at *4 (N.D. Ohio Apr. 19, 2021) (finding that a general objection that merely restates a previously presented argument or simply voices a disagreement with the R&R's recommendation has the same effect as a failure to object (citation omitted)). The text of Federal Rule of Civil Procedure 72(b)(3) addresses only the review of reports to which objections have been made but does not specify any standard of review for those reports to which no objections have lodged. The Advisory Committee on Civil Rules commented on a district court's review of unopposed reports by magistrate judges. In regard to subsection (b) of Rule 72, the Advisory Committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72, Advisory Committee notes (*citing Campbell v. United States District Court,* 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879).

    **Analysis**

It is well-settled that a prisoner subject to a final order of removal under any provision of the immigration law is ineligible to apply time credits under the First Step Act (FSA). 18 U.S.C. § 3632 (d)(4)(E); *see also*, *Cargill v. Healy*, 2025 WL 2477993, at *3 (N.D. Ohio Jan. 21, 2025). Thus, while a prisoner may be able to earn FTC credits by participating in certain activities, the plain language of the statute, cited and applied by the magistrate judge, does not permit application of such credits if, as here, the prisoner is subject to a final order of removal.

    This same set of facts was recently before Chief Judge Lioi in *Jorge Luis Regla-Araujo v. Warden, FCI Elkton*, 2025 WL 1532498 (N. D. Ohio May 29, 2025). Judge Lioi held that

even though the prisoner had accumulated FTC before the issuing of the final removal order, "he is ineligible to apply time credits under the FSA to his sentence." *Id*., at *1. In so holding, Judge Lioi further concluded that barring the use of FTC in these situations did not violate the Ex Post Facto Clause, the Due Process Clause, or the Equal Protection Clause. *Id*., at *2-3. This Court agrees and finds the same applies here.

Therefore, Petitioner's objection on this issue is overruled.

Further, it equally well-settled that under expedited removal proceedings, which apply in cases where, as here, the alien was convicted of a felony, the removal order may be signed by a deciding Service officer, who need not be an immigration judge. 8 CFR § 238.1 (b), (d); 8 CFR § 239.1; *see also*, *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 108-109 (2020) (detailing how Congress provided for expedited removal proceedings that include removal by "an immigration officer" under appropriate circumstances "without further hearing or review") (internal citation and quotation omitted).

Consequently, Petitioner's objection on this issue is also overruled.

**Conclusion**

The Court, having reviewed the R&R and pertinent record, finds no error, agrees with the findings set forth therein, and overrules the Petitioner's objections. The magistrate judge's R&R (R. 9) is hereby ADOPTED and the petition is DISMISSED with prejudice.

IT IS SO ORDERED.

Date: September 29, 2025

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge